BEFORE THE UNITED STATES
JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE:

EQUIFAX, INC. CUSTOMER DATA
SECURITY BREACH LITIGATION

MDL No. 2800

**PLAINTIFF JOSEPH M. KUSS'S AND STACY MARKOWITZ'S
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF GEORGIA**

Pursuant to 28 U.S.C. § 1407 and Rule 6.2(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, Plaintiff in *Kuss v. Equifax, Inc.*, No. 1:17-CV-3436 (N.D. Ga.), respectfully requests that all currently filed cases identified in the Schedule of Actions ("Actions"), as well as any cases subsequently filed involving similar facts or claims ("tag along cases") (collectively, "Related Actions"), be transferred to the United States District Court for the Northern District of Georgia for coordination of pretrial proceedings. There are currently thirty-five Related Actions pending in nineteen different judicial districts in the United States alleging similar wrongful conduct on the part of Defendant Equifax, Inc. ("Equifax").

Transfer for pretrial consolidation and coordination is proper and necessary for the following reasons:

1. The Related Actions allege numerous causes of action relating to the Equifax Data Breach where consumers' Personally Identifiable Information ("PII") was stolen. These claims include, but are not limited to, negligence, negligence per se, violations of consumer protection laws, and violations of the Fair Credit Reporting Act.

2. There are currently thirty Related Actions pending in nineteen different judicial district asserting similar claims: these cases have been filed in the Central District of California, the Northern District of California, the Eastern District of California, the District of the District of Columbia, the District of Colorado, the Southern District of Ohio, the Northern District of Georgia, the Southern District of Indiana, the District of Kansas, the District of Minnesota, the Western District

of Missouri, the Eastern District of Michigan, the Eastern District of New York, the District of Oregon, the District of New Jersey, the Northern District of Illinois, and the District of Nevada, the Northern District of Alabama, and the Northern District of Oklahoma.

3. Each of the Related Actions arises out of the same or similar nucleus of operative facts, and all arise out of the same or similar alleged wrongful conduct.

4. Each of the Related Actions will involve the resolution of the same or similar questions of fact and law because they all stem from Equifax's same and similar wrongful conduct.

5. Discovery conducted in each of the Related Actions will be substantially similar and will involve the same documents and witnesses because each Related Action arises from the same or similar nucleus of operative facts.

6. No discovery has commenced in any of the filed Related Actions. Therefore, no prejudice or inconvenience will result from the transfer, coordination and consolidation of the Related Actions to the Central District of California.

For the reasons stated above, as well as in more detail in the accompanying Brief in Support, the transfer, coordination, and consolidation of the Actions and subsequent tag along cases to the Northern District of Georgia will promote an efficient administration of the Related Actions.

Dated: September 12, 2017                    Respectfully submitted,

**CHIMICLES & TIKELLIS LLP**

By: */s/ Steven A. Schwartz*
Steven A. Schwartz
Benjamin F. Johns
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, PA 19041
Telephone: (610) 642-8500
Facsimile: (610) 649-3633
Email: sas@chimicles.com
Email: bfj@chimicles.com

**GRIFFIN & STRONG, P.C.**
Rodney K. Strong
GA Bar No. 688730

David J. Maher
GA Bar No. 485370
235 Peachtree Street, N.E.
Suite 400
Atlanta, Georgia 30303
(404)-584-9777 (phone)
(678)-960-7861 (fax)
Email: Rodney@gspclaw.com
      david@gspclaw.com