UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION


IN RE: EQUIFAX, INC., CUSTOMER DATA
SECURITY BREACH LITIGATION                                              MDL No. 2800


ORDER VACATING CONDITIONAL TRANSFER ORDERS


**Before the Panel:** Plaintiffs in the three actions listed on Schedule A, proceeding *pro se*, each move under Panel Rule 7.1 to vacate our orders conditionally transferring their actions to MDL No. 2800. Defendants Equifax Inc. and Equifax Information Services LLC (together, Equifax) oppose the motions to vacate.

These actions unquestionably are factually related to the MDL proceedings, as they involve allegations, similar to those in the MDL No. 2800 actions, that Equifax failed to adequately safeguard plaintiffs' personally identifiable information, which was compromised during the Equifax data breach.[1] *See In re Equifax, Inc., Customer Data Sec. Breach Litig.*, 289 F. Supp. 3d 1322, 1324-25 (J.P.M.L. 2017). Based on our review of the progress of this litigation, however, and after consultation with the transferee judge, we conclude that inclusion of these consumer cases in MDL No. 2800 no longer is necessary to achieve the just and efficient conduct of the litigation. *See* 28 U.S.C. § 1407(a).

As we have noted, the relative merits of transferring new tag-along actions to an ongoing MDL can change over time as the transferee court completes its primary tasks and cases already in the centralized proceedings progress towards trial or other resolution. *See* MDL No. 1769, *In re Seroquel Prods. Liab. Litig.*, Order Vacating Conditional Transfer Order, at 1, ECF No. 344 (J.P.M.L. Feb. 5, 2010). The point at which the advantages of continuing to transfer tag-along actions outweigh the disadvantages is never absolutely clear, and necessarily will vary depending on the circumstances of the particular MDL. *See id*. After a certain point, however, the benefits of transfer should not be assumed to continue. *See id*.

Thus, after considering the parties' arguments, we grant plaintiffs' motions to vacate. The Panel ordered centralization in this docket in December 2017. In the more than two years that have passed since then, we have transferred to the MDL and the parties have directly filed hundreds of

---

[1] The Eastern District of Virginia *Schmidt* plaintiff also asserts in Count 9 of his complaint that Equifax allowed third parties to report "inaccurate and invalid negative credit information" on plaintiff's credit report and failed to properly respond to plaintiff's request to investigate this inaccurate information. In placing *Schmidt* on a conditional transfer order, the Panel separated and remanded this claim to the transferor court. With this order, Counts 1-8 will rejoin Count 9.

-2-

tag-along actions, most brought by or on behalf of consumers (several of them proceeding *pro se*), and others brought by financial institutions. The transferee judge, the Honorable Thomas W. Thrash, has been ably handling the many challenges posed by this multi-faceted litigation. He has established separate tracks within the litigation for discovery and other pretrial proceedings, presided over common discovery, and ruled on motions to dismiss. And on January 13, 2020, he granted final approval of a consumer class settlement. The litigation, in other words, is quite mature, and adding more consumer cases to the MDL at this time, in our view, would delay its resolution unnecessarily.

In reaching this conclusion, we observe that the presiding judges in the three actions before the Panel may find useful guidance in Judge Thrash's pretrial rulings. Further, though we are denying transfer, we nevertheless encourage the parties to pursue various alternative approaches, should the need arise, to minimize the potential for duplicative discovery and inconsistent pretrial rulings. *See, e.g., In re Eli Lilly and Co. (Cephalexin Monohydrate) Pat. Litig.*, 446 F. Supp. 242, 244 (J.P.M.L. 1978); *see also* MANUAL FOR COMPLEX LITIG., FOURTH, § 20.14 (2004).

IT IS THEREFORE ORDERED that the Panel's conditional transfer orders designated as "CTO-50," "CTO-54," and "CTO-55" are vacated insofar as they relate to these actions.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Ellen Segal Huvelle          R. David Proctor
Catherine D. Perry           Nathaniel M. Gorton
Matthew F. Kennelly          David C. Norton

**IN RE: EQUIFAX, INC., CUSTOMER DATA**
**SECURITY BREACH LITIGATION**                                          MDL No. 2800

## SCHEDULE A

<u>Central District of California</u>

JOHNSON v. EQUIFAX, INC., C.A. No. 2:19-07986

<u>Southern District of Indiana</u>

GRANGER v. EQUIFAX, INC., C.A. No. 1:19-03679

<u>Eastern District of Virginia</u>

SCHMIDT v. EQUIFAX INFORMATION SERVICES, LLC, C.A. No. 1:19-01125